UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE<br>611 Pennsylvania Avenue, SE<br>Suite No. 183<br>Washington, DC 20003<br><br>   Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20451<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 24-cv-2078<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT

Plaintiff POWER THE FUTURE ("PTF"), for its Complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.* for declaratory, injunctive, and other relief. Plaintiff seeks the immediate processing and release of agency records responsive to one FOIA request submitted by Plaintiff.

2. This action is filed following State's failure to comply with the express terms of FOIA, including but not limited to its failure to provide any substantive response to the request at issue or any other of the required determinations within the statutory period of time.

3. State's failure to comply with FOIA includes but is not limited to the agency's failure to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), its failure to respond to Plaintiff's request, its failure to respond to Plaintiff's requests in the alternative for fee waiver, and its constructive or actual withholding of responsive information and/or documents in violation of Defendant's obligations.

1

## PARTIES

4. Plaintiff Power the Future is a non-profit organization incorporated in the State of Delaware dedicated to "disseminating research, sharing facts and truths, engaging at the local level and interacting with the media," specifically relating to energy and environmental public policy.

5. Defendant State Department is a federal agency headquartered in Washington, DC, and it has possession and control over the records that Plaintiff seeks.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

8. Plaintiff is not required to further pursue administrative remedies before seeking relief in this Court because Defendant neither produced records nor made a timely "determination" as that term is defined in *Citizens for Responsibility & Ethics in Wash. v. Federal Election Commission*, 711 F.3d 180, 188 (D.C. Cir. 2013). See also, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves similarly situated plaintiffs of any exhaustion requirement).

## PLAINTIFF'S FOIA REQUEST

9. On May 30, 2024, Plaintiff submitted by the FOIA.gov internet portal a FOIA request to Defendant seeking described records, specifically non-email, non-text message correspondence ("chats", as defined) of one named senior official (Kitty DiMartino) over an approximately five-month period.

10. Records responsive to this request will shed light on State's involvement in the current administration's declared "whole of government" approach to imposing a never-enacted

"climate" agenda. Specifically, and further, records responsive to this request will shed light on State's involvement with, *inter alia*, outside activist groups including meetings hosted by outside groups which, other FOIA litigation has documented, create and hold "chat" logs for meetings with administration officials (federal records) outside of the custody of the creating agency.

11. The information Plaintiff sought is plainly public information subject to release under FOIA, and is of great public interest.

12. Plaintiff requested fee waiver on the alternative bases of the public interest and requester's status, recognized by federal agencies for FOIA purposes, as a media requester.

13. Defendant acknowledged the request and assigned it request number F-2024-12159.

14. Defendant did not make a determination then or later on Plaintiff's requests in the alternative for fee waiver.

15. Notwithstanding that the FOIA request at issue sought text message correspondence of one official, over just five months of time, on June 17, 2024, Defendant claimed unusual circumstances prohibited it from providing the required determination within the statutory 20-day period, and informed Plaintiff its request at issue here was classified as "complex" for the need to consult with other components of the Department, which allows the Agency to take ten extra working days to provide the required determination.

16. The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any

documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

17. 5 U.S.C. § 552(a)(6)(A) prescribes that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, 5 U.S.C. § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. 5 U.S.C. § 52(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

18. State owed Plaintiff a "*CREW*" response to its request, including a "determination" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013), no later than July 15, 2024.

19. However, State has provided no substantive response or "determination" with respect to the request.

20. State is now past its statutory period for issuing such a determination on the above-described request without providing any substantive response to Plaintiff's request in violation of its obligations under FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

21. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

22. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

23. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

24. Plaintiff is not required to further pursue administrative remedies.

25. Plaintiff asks this Court to enter a judgment declaring that:

    a. State owed Plaintiff a "*CREW*" response to its request, including a determination, no later than July 15, 2024.

    b. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    c. State's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

    d. State must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
## Duty to Produce Records – Injunctive Relief

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

28. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

29. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for

resolution of remaining issues associated with Plaintiff's challenges to State's withholdings, if any, and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Costs And Fees

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Power the Future respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, and/or by failing to notify Plaintiff of final determination within the statutory time limit;

3. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq.* and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order and without cost to the Plaintiff;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6

6. Grant such other relief as this Court deems just and proper.

        Respectfully submitted this the 17th day of July, 2024,

            POWER THE FUTURE
            By Counsel:

            <u>/s/Matthew D. Hardin</u>
            Matthew D. Hardin, D.C. Bar No. 1032711
            Hardin Law Office
            1725 I Street NW, Suite 300
            Washington, DC 20006
            Phone: (202) 802-1948
            Email: MatthewDHardin@protonmail.com

            <u>s/Christopher Horner</u>
            Christopher Horner, D.C. Bar No. 440107
            Max Will, PLLC
            1725 I Street NW, Suite 300
            Washington, DC 20006
            Phone: (202) 262-4458
            Email: Chris@CHornerLaw.com